IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

YEVETTE WILSHIRE, individually and in
her capacity as administratrix of The Estate of
JEREMY RINEHART, deceased,

    Plaintiff,

v.                                          CIVIL ACTION NO. 3:13-15201

BRIAN S. LOVE, MD, et al.,

    Defendants,

v.

BRIAN LOVE, M.D.,

    Defendant and Third-Party Plaintiff,

v.

CITY OF OAK HILL, et al.,

    Third-Party Defendants.

**MEMORANUDM OPINION AND ORDER**

Pending before the Court is a Motion to Dismiss Pursuant to Rule 12(b)(6) by the Third-Party Defendants: the City of Oak Hill; the Oak Hill Police Department; Michael Whisman, Jr., in his individual and official capacities as the Chief of the Oak Hill Police Department; and Randall Shannon Prince, in his individual and official capacities as a supervisor in the Oak Hill Police Department. Also pending is Plaintiff Yevette Wilshire's Motion for Leave to Amend Complaint Against Third-Party Defendants, and a Motion to Consolidate the present action with Civil Action No. 2:12-0622. ECF Nos. 7, 23, & 29. For the following reasons, the Court finds *sua*

*sponte* that it lacks subject matter jurisdiction and **REMANDS** this matter back to the Circuit Court of Putnam County, West Virginia.

## I.
## FACTUAL AND
## PROCEDURAL HISTORY

Plaintiff Wilshire filed this action individually and in her capacity as administratrix of the Estate of Jeremy Rinehart, deceased, in the Circuit Court of Putnam County on October 18, 2011. In her Complaint, Plaintiff Wilshire only asserted state law claims of medical malpractice and wrongful death against Defendants Brian S. Love, MD and Oak Hill Hospital Corporation d/b/a Plateau Medical Center, Inc. Over one-and-a-half years later, on May 21, 2013, Defendant Love filed a Motion to File a Third-Party Complaint against the City of Oak Hill; the Oak Hill Police Department; Michael Whisman, Jr., in his individual and official capacities as the Chief of the Oak Hill Police Department; and, Randall Shannon Prince, in his individual and official capacities as a supervisor in the Oak Hill Police Department (hereinafter the Oak Hill Third-Party Defendants). In his Third-Party Complaint, Dr. Love essentially asserts Mr. Rinehart's injuries and death were the result of police brutality, in violation of his constitutional and civil rights.

A hearing on the motion was held on May 30, 2013. By Order entered on June 13, 2013, the circuit court granted Defendant Love's motion to file his Third-Party Complaint. In that Order, the circuit court further stated: "WHEREUPON, the Plaintiff, Yvette Wilshire, individually and in her capacity as Administratrix of the Estate of Jeremy Rinehart, deceased, by counsel, represented that she would notify the Court on or before the 14th day of June 2013, as to

whether the Plaintiff would assert any claims against the proposed Third-Party Defendants." *Order by the Cir. Ct. of Putnam Cnty.*, at 3 (June 13, 2013) (ECF No. 1-3).

The very next day, Plaintiff Wilshire sent a letter to the Circuit Clerk of Putnam County asking that "Plaintiff's Complaint Against Third Party Defendants" be filed. ECF No. 1-4. According to the circuit court's docket sheet, it was filed on June 17, 2013. In this second complaint, Plaintiff Wilshire does not reiterate any of the claims in her first complaint other than stating she is not abandoning those claims and continues to believe Mr. Rinehart's death was caused by medical malpractice. Nevertheless, Plaintiff Wilshire provides in her second complaint that she is "incorporate[ing] by reference the allegations set forth in Dr. Love's Third Party Complaint" as an alternative theory of liability to protect her interests. *Pl.'s Compl. Against Third Party Defs.*, ¶¶5, & 8-9. Just four days after her second complaint was filed, the Oak Hill Third-Party Defendants removed this case to federal court based upon federal question jurisdiction being raised in both Defendant Love's Third-Party Complaint and Plaintiff's second complaint.

## II.
## DISCUSSION

Under 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. If a federal question is raised, a defendant may remove a civil action to a district court pursuant to 28 U.S.C. § 1441(a). To determine whether a federal question is raised, courts must look to the "well-pleaded complaint" rule. Under this analysis, federal jurisdiction only exists when a federal question is presented on the face of the state court plaintiff's properly-pleaded complaint. *See Gully v. First Nat'l Bank*, 299 U.S. 109, 112–13, (1936).

In the instant case, Defendant Love clearly has raised federal questions in his Third-Party Complaint as he alleges, inter alia, that the Oak Hill Third-Party Defendants used unreasonable and excessive force on Mr. Rinehart in violation of the Fourteenth Amendment and 42 U.S.C. § 1983. By incorporating these claims by reference, Plaintiff Wilshire also arguably has made federal claims in her second complaint. However, the Court finds two significant problems with removal based upon Plaintiff Wilshire's second complaint and Dr. Love's Third-Party Complaint.

First, the Court finds that Plaintiff Wilshire's filing of the second complaint is problematic. This Court is unaware of any procedure under West Virginia law that allows a plaintiff to file two completely separate complaints against different defendants in the same action. Typically, a plaintiff would file a motion to amend in such a situation to add an alternative theory of recovery against another defendant.[1] However, Plaintiff Wilshire did not file a motion to amend, and she did not attempt to file a single complaint containing all of her claims. Instead, she asked via letter addressed to the clerk that he file a completely different complaint against a different defendant in the same action. As there does not appear to be any order by the circuit judge allowing her to file two different complaints in the same action, and this Court does not know of any procedure that allows her to do so, the Court finds this second complaint likely was improperly filed and is procedurally deficient. *See Dougherty v. Snyder*, Civil No. 1:CV-10-1071, 2011 WL 290046, at *1 (M.D. Pa. Jan. 25, 2011) (holding the plaintiff cannot assert two

---

[1] In the alternative, a plaintiff can obtain written consent of the adverse parties. *W. Va. R. Civ. P.* 15(a)(2).

complaints in the same action. "A plaintiff may move to amend his complaint, but there is no right, at least without leave of court, to have two complaints in one action. Any amended complaint would generally be required to take the place of the previous pleading and include all claims by all plaintiffs against all defendants.").

In considering whether the Court has subject matter jurisdiction in this peculiar situation, the Court is mindful that it is "obliged to construe removal jurisdiction strictly because of the significant federalism concerns implicated." *Md. Stadium Auth. v. Ellerbe Becket Inc.*, 407 F.3d 255, 260 (4th Cir.2005) (internal quotation marks and citation omitted). "[I]f federal jurisdiction is doubtful, a remand to state court is necessary." *Id*. (alterations omitted). In addition, the Court recognizes that "[t]he burden of establishing federal jurisdiction is placed upon the party seeking removal." *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). As there is nothing in the record before this Court allowing this second complaint, the Court finds that the Oak Hill Third-Party Defendants have failed to meet their burden of establishing that Plaintiff Wilshire's second complaint is a properly-pleaded complaint upon which federal subject matter jurisdiction can rest. Therefore, the Court finds jurisdiction cannot be based upon Plaintiff Wilshire's second complaint.[2]

---

[2] The Court also mentions that the "rule of unanimity" is now embodied in 28 U.S.C. §1446(b)(2)(A) and provides: "When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." Although neither Defendant Love nor Defendant Oak Hill Hospital Corporation joined in the removal, Plaintiff Wilshire never objected. As the "[f]ailure of all defendants to join in the removal petition does not implicate the court's subject matter jurisdiction," a plaintiff's failure to timely object results in a waiver. *Payne v. Brake*, 439 F.3d 198, 203 (4th Cir. 2006).

Second, the Oak Hill Third-Party Defendants also assert jurisdiction exists by virtue of the federal claims stated in Defendant Love's Third-Party Complaint filed against them. However, this Court made it clear in *Cross Country Bank v. McGraw*, 321 F. Supp.2d 816 (S.D. W. Va. 2004), that federal question jurisdiction cannot be based upon claims raised in a third-party complaint. 321 F. Supp.2d at 820. In *Cross Country*, the Court specifically stated that federal question jurisdiction must be based upon the claims in the plaintiff's complaint; "permitting a defendant to create federal subject matter jurisdiction by casting a third-party complaint in terms of a federal cause of action would impermissibly expand the jurisdiction of the federal courts beyond that conferred by Congress." 321 F. Supp.2d at 820-21. *See Palisades Collections LLC v. Shorts*, 552 F.3d 327, 335 (4th Cir. 2008) (holding that, as the term "'defendant' in § 1441(a) means only an original defendant, we must likewise conclude that 'defendant' in § 1441(b) means only an original defendant");[3] *Blackburn Pre-Owned Autos, LLC*, Civil Action No. 2:06-cv-00303, 2006 WL 1875892 (S.D. W. Va. July 5, 2006) ("Federal jurisdiction cannot be created by a third-party complaint when no federal jurisdiction exists over the original action." (citation omitted)). Thus, the Court finds that the Oak Hill Third-Party Defendants may not base jurisdiction upon Defendant Love's Third-Party Complaint.

---

[3]The Court notes that the Notice of Removal quotes from a prior version of 28 U.S.C. § 1441(b) as the ground for removal. The statute was amended in 2011. Section 1441(b) now covers removal based upon diversity of jurisdiction, which is inapplicable here. Section 1441(a) covers removal generally. Section 1441(a) provides: "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. 1441(a). This amendment does not change this Court's analysis with respect to whether a third-party defendant may remove an action based upon a third-party complaint.

## III.
## CONCLUSION

Accordingly, as this Court finds that the Oak Hill Third-Party Defendants have not met their burden of establishing that this Court has jurisdiction over the pending matter by virtue of a properly-pleaded complaint, and not a third-party complaint, the Court **REMANDS** this action back to the Circuit Court of Putnam County and finds it unnecessary to rule upon the pending motions.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: November 20, 2013

_____
ROBERT C. CHAMBERS, CHIEF JUDGE